RACINE WAGON & CARRIAGE COMPANY, Appellant, vs. LIEGEOIS and others, Respondents.

*January 15—February 2, 1904.*

*Contracts: Pleading: Actions: Misjoinder of causes of action.*

Joseph and Louis L., copartners doing business at A., and John L. doing business at S., entered a written order with plaintiff for its products, the contract being signed, "Jos. L. & Bro., John L.

Purchaser" which was accepted. The writing commenced "Please enter *our* order," etc., and contained directions as follows: "1-2 bill to Jos. L." at A., "1-2 to John L." at S. In an action for the unpaid balance of the whole order brought against the partnership and John jointly, the complaint considered, and *held* to be demurrable for misjoinder of causes of action, the contract being unambiguous and directing the goods specified to be charged one half to the firm at A. and one half to John at S.

APPEAL from a judgment of the circuit court for Oconto county: SAMUEL D. HASTINGS, JR., Circuit Judge. *Affirmed.*

This is an appeal from a judgment based upon an order sustaining a demurrer to the complaint on the ground that it appears from the face of the complaint that two causes of action have been improperly united. The complaint alleges, in effect, that at all the times and dates therein mentioned the plaintiff was an existing corporation, having its principal office and place of business at Racine; that the defendants *Joseph* and *Louis Liegeois* were copartners trading under the firm name and style of "Joseph Liegeois & Bro.," with their principal office and place of business in the village of Abrams, in Oconto county; that January 13, 1902, the plaintiff and the defendants, and each of them, entered into a written contract for the sale of goods, wares, and merchandise by the plaintiff and the purchase by the defendants *Joseph* and *Louis Liegeois* in their copartnership name, and the defendant *John Liegois,* wherein and whereby the plaintiff agreed to sell, and the defendants, and each of them, agreed to receive and pay for, said goods, wares, and merchandise to the amount and value and in the sum of $1,056.40, in the words and figures set forth in said contract, a copy of which is thereto attached, and made a specific part of the complaint; that the plaintiff shipped and delivered the goods described therein between February 5, 1902, and March 28, 1902, and the same consisted of wagons and

buggies, with other vehicles, to the defendants, at Abrams, to the value and in the sum of $1,056.40; that the defendants received said goods, but that no part of the amount stated had been paid by the defendants, save and except $796.50, leaving a balance still due from the defendants, and each of them, of $259.90, which sum is long past due and owing over and above all legal offsets and counterclaims, and demands judgment acordingly. The material parts of the contract, of which a copy is so attached, are as follows:

"Little Suamico, 1—13—1902.

"To *Racine Wagon & Carriage Co.*, Racine, Wis.:

"Please enter our order for the following to be shipped to (Name) Liegeois Bros. ½ bill to each.

"Liegeois J. & Bro. (Address) Ship to Abrams, Wis.

"To be shipped on or about Feb. 15, or as soon thereafter as possible, at prices named below on board cars Abrams, ½ bill to *Jos. Liegeois*, Abrams, ½ to *John Liegeois*, Little Suamico."

This is followed by a description of the goods and the conditions of sale, among others, which are that:

"The title to the goods, and all proceeds of any sale of the same, . . . to remain in the name of the *Racine Wagon & Carriage Co.*, until the same are settled for with cash."

"This order is given subject to the acceptance of the *Racine Wagon & Carriage Co.*, at Racine, Wis.

"Jos. Liegeois & Bro., *John Liegois*, Purchaser.

"Accepted: 1—15, '02, at Racine, Wis., *Racine Wagon & Carriage Co.*, by Rich. Hall, Salesman."

The cause was submitted for the appellant on the brief of *Francis X. Morrow*, attorney, and *V. J. O'Kelliher* and *P. A. Martineau*, of counsel, and for the respondents cn that of *Classon & Brazeau*.

CASSODAY, C. J. The question presented is whether the complaint alleges two causes of action—one against the two defendants composing the firm and doing business at Abrams, and the other against the defendant *John Licgeois*, doing

business at Little Suamico. The order contained a duplicate of the respective articles, and was signed by the firm and also by *John.* It is addressed to the plaintiff. It starts out by saying: "Please enter *our* order for the following, to be shipped" as stated. Such order was accepted by the plaintiff. So far we have a joint order and contract, and, as suggested by counsel for the plaintiff, if we eliminate from the contract certain other words, to be considered, and substitute therefor still other words, and then take such changes "in connection with the balance of the contract," we would "have a complete joint contract or purchase in every particular." The words and figures so sought to be eliminated are "½ bill to each," "½ bill to *Jos. Liegeois,* Abrams," "½ to *John Liegeois, Little* Suamico." Such words and figures were used by the parties to express their intention. We are not at liberty to eliminate them and substitute others. It is the business of courts to construe contracts, and not to make them. Of course, regard is to be had to the whole instrument, as applied to the facts and circumstances to which it relates. *Gibbons v. Grinsel,* 79 Wis. 369, 48 N. W. 255. As stated by the trial court in effect, the words quoted must be given some meaning. By them the signers of the order said to the plaintiff, in effect, While we join in this order, the goods are not to be billed to us jointly, but one half is to be billed to each party; that is to say, one half is to be billed to the firm at Abrams and the other half to *John* at Little Suamico. The word "bill" manifestly means, to "charge or enter in an account for future payment." Century Dict. To "book or charge on an account." Standard Dict. "An account of charges and particulars of indebtedness by the creditor to his debtor." 5 Cyc. 705. Such was the plain meaning of the words and figures as used in the contract. Being free from ambiguity, the construction of the contract was for the court. In fact, it is difficult to see how parol evidence could

change the construction. We must hold that the demurrer was properly sustained for misjoinder of causes of action.

_By the Court._—The judgment of the circuit court is affirmed.